# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# FAYETTEVILLE DIVISION

**LESLIE ANNA CROWELL**                                                              PLAINTIFF

V.                              CASE NO. 5:18-CV-05137

**DAVID L. DUNAGIN**                                                                 DEFENDANT

## OPINION AND ORDER

Leslie A. Crowell, currently an inmate in the Washington County Detention Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *in forma pauperis* ("IFP"). The case is before the Court for preservice screening pursuant to the Prison Litigation Reform Act ("PLRA").

## I. BACKGROUND

According to the allegations of the Complaint (Doc. 2), Plaintiff was represented in her criminal action by Defendant David Dunagin. Plaintiff alleges Dunagin misrepresented her throughout her trial and advised her not to accept a plea offer. Plaintiff alleges Dunagin told her that the most time she would serve was eighteen months.

Plaintiff alleges that the other two individuals involved in the same case took the plea offer and have already been released from custody. Meanwhile, Plaintiff asserts that she has been sentenced to a ten-year "day for day" period of imprisonment.

As relief, Plaintiff asks that she be given a lesser sentence or whatever relief the Court "sees fit."

## II. DISCUSSION

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it

contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Plaintiff's claims are subject to dismissal. "[I]n any § 1983 action the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535 (1981).

Private attorneys do not act under color of law and are not subject to suit under § 1983. *DuBose v. Kelly*, 187 F.3d 999 (8th Cir. 1999). Dunagin was not acting under color of state law while representing Plaintiff in her criminal proceeding. *See, e.g., Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981) (public defender does not act under color of state law when performing traditional functions as counsel); *DuBose*, 187 F.3d at 1002-

1003 ("[C]onduct of counsel generally does not constitute action under color of law"); *Dunn v. Hackworth*, 628 F.2d 1111, 1112 (8th Cir. 1980) ("The actions of privately retained counsel are not considered state action and therefore cannot form the basis of a § 1983 claim").

### III. CONCLUSION

Accordingly, the case is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (IFP action may be dismissed on such grounds at any time).

The dismissal of this action constitutes a strike within the meaning of 28 U.S.C. § 1915(g). The Clerk is directed to place a § 1915 strike flag on this case.

**IT IS SO ORDERED** on this 13th day of July, 2018.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE